[Crim. No. 4385.   Second Dist., Div. Three.   Oct. 7, 1949.]

In re NATHANIEL O. ZITTERMAN, on Habeas Corpus.

Walter M. Rheinschild for Petitioner.

W. E. Simpson, District Attorney (Los Angeles County), and Jere J. Sullivan, Deputy District Attorney, for Respondent.

SHINN, P. J.—A writ of habeas corpus was heretofore issued upon a petition asserting invalidity of petitioner's confinement under a commitment following two adjudications of contempt for failure to comply with certain orders for the payment of money made in a pending action for divorce in which he is the defendant. When the matter came on for hearing it was submitted upon the petition and the return, the petition, upon stipulation being deemed a traverse to the return. The only questions for decision are whether the commitment is legally sufficient and whether, in the prior proceedings, the court acted within its jurisdic-

tion. The following is a summary of the proceedings. On September 14, 1948, petitioner was ordered to pay $15 per week for the support of his wife, beginning September 20, 1948; $150 attorney's fees and $15 court costs payable at $15 per month beginning October 15, 1948. By stipulation any further award of attorney's fees and court costs was to be fixed at the time of trial. On December 29th, the order was changed to $25 per week for the wife and children, payments to commence January 1, 1949; defendant was also ordered to forthwith surrender possession of the home to plaintiff. On February 24, 1949, the court found defendant not in default with respect to the payments ordered on September 14th but in default in the sum of $150 under the order of December 29th. He was adjudged in contempt for failure to make such payments and his refusal to vacate the premises. He was sentenced to five days in the county jail and was ordered to pay a fine of $500, $2.00 of which was suspended, the fine or the unpaid portion thereof to be satisfied by confinement in the county jail at the rate of $2.00 per day. Defendant was ordered to pay an additional $50 as attorney's fees and execution of sentence was stayed until February 25th. On February 25th, the court granted a further stay of execution to March 25th but ordered defendant to keep up the payments for support and to pay $5.00 per week on the arrearage of $150. On March 25th, execution of sentence was stayed until June 27th "on condition that defendant comply with all orders in this matter." Thereafter petitioner was cited to show cause why he should not be adjudged in contempt for failure to comply with the order of March 25th which, indirectly ordered him to keep up his payments. On May 31st, defendant was found to be in arrears in the amount of $67.50 as of May 9th, and $117.50 as of May 31st. It was ordered that the "contempt matter be continued to June 24th." The divorce trial commenced on June 24th, and on June 29th, the court made a further order that defendant pay plaintiff the sum of $100 per month for the support of the children "payable as in the former order of court"; also $150 attorney's fees at the rate of $15 per month. It was ordered that plaintiff have a judgment of divorce and temporary custody of the children but the matter was continued to July 8th, for the purpose of making an investigation with respect to the matter of custody. The contempt matter that had been heard on May 31st, was continued to June 24th, and again to the 29th for further hearing. On the latter date

the court found defendant to be in arrears $117.50 on May 31st, 1949, and that he had knowledge of the order and the ability to comply therewith. He was adjudged in contempt and sentenced to serve five days in the county jail. Sentence was suspended "on condition that all arrearage of this date be paid to plaintiff and plaintiff's attorney on or before July 8, 1949." This conviction appears to have been based upon petitioner's failure to meet the arrearage of $117.50. It will be noted that on February 24th he had been adjudged guilty of contempt for failure to meet the arrearage of $150 under the order of December 29th and had been sentenced to serve five days in jail and pay a fine of $500. With respect to this conviction the court, on June 29th, stayed execution of the jail sentence with respect to two days and also the $500 fine until July 8, 1949, on condition that "the present arrearage to plaintiff and plaintiff's attorney, payments on the home and furniture to date are paid by July 8, 1949." There was a stay also of three days of the sentence until July 2, 1949. On July 8, 1949, the court made and entered an order which reads as follows: "Commitment to County Jail. It appearing to the Court that a judgment was entered on the 29th day of June, 1949, in Department 56 of the above entitled Court, finding the defendant, Nathaniel O. Zitterman guilty of contempt of Court and suspending sentence upon condition of defendant pay to the plaintiff all arrearage on or before July 8, 1949 and it further appearing that the defendant was present at the time of trial and heard said order pronounced, and that he had knowledge of the order, and has had ability to comply with the same, but has willfully refused to do so, and that the same has not been complied with, and the Court having ordered the defendant to appear and show cause on July 8th, 1949, in Department 8 why sentence should not be executed for contempt of court in willfully failing to comply with the said order of Court, and the defendant now appearing in Court, the Court finds that the defendant has had the ability to comply with the said order of court, and has not complied with the order of Judge Raycraft of June 29th, 1949: and he has heretofore been found guilty of contempt and sentenced. Therefore, it is ordered that the said defendant, Nathaniel O. Zitterman be and he is now remanded forthwith [to] the County Jail, for five days and to pay a $500 fine or to pay said find [sic] at the rate of $2.00 per day of confinement in the County Jail. Dated July 8th, 1949."

It thus appears that petitioner has been committed for an offense of which he was found guilty on June 29, 1949, namely, failure to pay the arrearage of $117.50 as ordered on May 31st. It also appears from the petition and the return that petitioner was confined in the county jail from July 8th to July 16th, inclusive, under that commitment. He has therefore served more than the five days for which he was sentenced on June 29th. So far as that sentence is concerned it has been satisfied. The further provision of the commitment that petitioner be confined until he pays a fine of $500 and that any unpaid portion be satisfied at the rate of $2.00 per day of confinement is void, since the sentence upon which the commitment was founded did not impose a fine or the alternative of confinement. Under the present commitment petitioner may not be held and he is entitled to be discharged.

However, no proceedings have been had to carry into execution the sentence imposed upon the judgment of contempt of February 24, 1949. This matter was continued to July 8th but has not been acted upon. There is nothing in the present record to indicate that the proceedings of February 24, 1949, were in any way invalid or in excess of the court's jurisdiction.

The petitioner is ordered discharged from custody. Our order is without prejudice to further proceedings in the trial court which may be deemed appropriate in the matter of the conviction and sentence of February 24, 1949.

Wood, J., and Vallée, J., concurred.